ROANE, Judge.
This was an ejectment for a lot in Petersburg, brought by the ap-pellee against the appellant. The appellee recovered the same; to which judgment a supersedeas was obtained.
On the trial the counsel for the defendant filed his exception, stating an objection to the introduction of the deed under which the lessor claimed (that deed is dated on the 2d of January, 1797, is given by Blow and wife, to the plaintiff, for a lot now properly belonging to them bounded, &c. &c. &c. and all the right, interest, &c. in the same and every part thereof) as evidence to shew that the plaintiff had a legal right to the land in dispute, of which the defendants, at the time of the execution of the said deed, were in actual possession, claiming it under a deed (of the 4th December, 1793,) from Ravenscroft to J. Tabb.
The Court over-ruled the objection, and permitted the deed to go in evidence for the purpose aforesaid, “because, the possession which the defendant had, was by. *578 building a house and changing the course of the run at the time mentioned in the other exceptions.”
That the plaintiff also produced in evidence a deed from Newsum and wife, to Blow, of the 21st October, 1783, of bargain and sale for valuable consideration, and offered witnesses to prove that the course of the run (the boundary in question) was altered by Tabb (under whom the defendants claim) after October 21st, 1783, and before January 2d, 1797, that is to say in 1786, and the defendant’s counsel objected to the testimonj', urging,*1 ‘that as the brick run, as it meanders, is stated in the plaintiff’s deed to be their boundaries,parol evidence,to shew its course to have been altered prior to the date of the deed, was inadmissible;” but, the Court over-ruled that objection also.
Two questions are made by the appellant’s counsel: One, a particular one arising under the deed, in question, and applying only to this case; the other, a general question, and of very extensive importance.
That general question is, whether a deed of bargain and sale, by a bargainor not in possession of the premises, convej's a title under which the bargainee can recover?
When I say a bargainor, not in possession, I mean having neither an actual possession, nor that statutory possession which he might acquire under our act as bargainee to some other person having possession.
It was argued, and may be alleged, that the defendants in the present case were merely disseisors as to part of the premises conveyed, and so the case is different from that of a ' total disseisin. But, it is clear law, that if there be two disseisors, or one disseisor, who conveys to two feoffees, an entry must be made upon both. 3 Black. Com. 175: This is supposed to be a complete answer to that objection.
As to the general question just stated, the case of Duval v. Bibb is relied on. I sat in that case, and entirely concurred in the decision that was given in it. In. that case Bibb had been long in actual possession ; he conveyed to Graves by bargain and sale. Graves had, therefore, statutory possession, and convej'ed to Duval. The jury found an adverse possession in Bibb against Graves *and those claiming under him, except as to the operation of the deeds. The Court were of opinion, that Bibb’s possession was transferred to Graves, under our act on that subject ; that Graves was, therefore, competent to convey to Duval; and, that Bibb’s possession was not adverse as the jury conditionally found it, but was the possession of Graves: under the operation of the deeds submitted for their decision. The Court were also qf opinion, that as there was an actual possession of more than one year in those under whom the plaintiff claimed', that circumstance took this case out of the statute concerning pretensed titles. The Court were further of opinion, that that act concerning pretensed titles, [ch. 103, R. C. ed. 1819,] imposed a penalty, but did not avoid a conveyance.
These positions, except the last, are so evident as to require no illustration.
Under the last position, it is to be observed, that the act concerning pretensed titles does not declare the conveyance therein inhibited, to be void. It leaves the effect and legal operation of such conveyances to be decided by the laws relative to the subject. It proceeds upon the maxim, “Factum valet, fieri non debet.” The mischief against which the Legislature pointed this law, against which it denounced penalties, was the selling titles without possession, or upon a short, and, therefore, probably, a colourable possession. But, it did not, nor was there any occasion for it, change the rules of law relative to the subject of titles.
But, it has been inferred from that decision, that no possession at all, either actual or statutory, is necessary to be in the bar-gainor at the time of the conveyance.
I have revolved this subject much in my own mind, and cannot be of that opinion: Nor do I think that the case of Duval v. Bibb, has gone so far as it has been contended.
*1 will examine the most prominent reasons, which would be probably urged to justify that position.
1st. It may be said that the words of our act of Assembly, [R. C. c. 99, § 29, ed. 1819,] are. very strong, being that “the possession of the bargainor shall be conveyed as perfectly as if .the bargainee had been enfeoffed with livery of seisin;” and that these words “are not in the statute of uses.” It is true they are not. But, the answers are: 1. That these words relate to the possession of the bargainee, not that of the bargainor. 2. That a similar construction had taken place upon the statute of uses, and our act not only took up and enacted in strong terms the substance of that statute, but also the construction which had taken place upon it. And, 3. A possession in the bargainor is pre-supposed by the very terms of the clause.
2d. It may be said, that the emphatical word seised, contained in the English statute of uses, is omitted in our act; whence it is inferrible that, under the latter, a seisin or possession is not necessary.
The answer is, that the introduction of that word in the statute of uses had been adjudged to exclude terms for years, or chattel interests, 2 Black. Com. 336; and the omission of it in our act may fairly be attributed to a design to embrace those interests; interests, which lie in possession, and not in seisin.
3d. It may be said, and with truth, that a greater liberality now exists in respect of transferring choses in action and possibilities, than did at the time of enacting the statute of uses; and hence a variation might arise. The answer is, that the Legislature, as evidenced by the act of pre-tensed titles, substantially similar to the British act on the same subject, still consider such transfers as proper to be prohibited. We cannot argue from this source, therefore, further than the just construction of their words will warrant.
*4th. But, the great argument is deduced from the consequences which would ensue from adhering to the ancient doctrines on this subject. Admitting that these consequences may be injurious on one *579 side, especially in a young country, where vast tracts of land are still uncleared, and in relation to which there may be a difficulty in tracing the possession, I am not prepared to say, whether equal or greater inconveniences would not result, from retracing the policy of the law in respect of maintenance; admitting an unlimited right of transferring possibilities and rights in action in relation to lands; and losing sight of that possession which is deemed by the common law an essential link of title.
As to going into these consequences, and departing from the letter and spirit of the act and principles of the clause now before us, I disclaim the power, and leave the subject to the wisdom of another department.
I have said that nothing in the case of Duval v. Bibb, goes to dispense with statutory as well as actual possession. This opinion accords with my own ideas of the decision at the time; and is not shaken by a deliberate consideration of Mr. Call’s report of that case. It is true, the report is rather indistinctly expressed, but its meaning may be clearly eviscerated. It is important, that in that case there was a statutory possession in Graves: It is a sound rule of construction, that the meaning of doubtful or ambiguous expressions is to be determined by reference to the actual case to which they were applied. Let us not lose sight of this standard in the case before us. It is also important that, although for distinction sake, I use the term statutory, in opposition to actual possession, that possession is of high dignity under our act, being equal to one transferred by livery of seisin. In the very case now in question, it was held to merge and extinguish the actual possession of Bibb, who had*holden as terre-tenant for more than twenty years before the deed to Graves, and who still held; judgment was given against Bibb, notwithstanding his possession, for the premises in question. This could not have been done, as twenty years gives a title in ejectment, if Bibb’s possession had been adverse in respect of Graves. In truth, it was deemed to be Graves’s possession: A statutory possession, indeed, instead of an actual one.
This decision has exalted the dignity of statutory possession to its proper level. It goes to give to a constructive possession existing in the bargainor at the time of the conveyance, the same effect as an actual possession. It gives to the statutory investiture an equipollent effect with an investiture by livery of seisin. All those expressions in the reported case, importing that Graves was out of possession, only mean that he had not the actual occupancy. They do not import that he had not that species of possession which is conferred by the operation of the statute; and which, in this case, was powerful enough to overrule the actual occupancy of Bibb. Such was clearly the meaning of the President, in this part of the report: 1 ‘ Whether a person out of possession can convey his title by bargain and sale, or any other statutory conveyance? seems settled by decisions in England, under their statute of uses: And our act of Assembly, page 167, in conformity to those decisions, has added a clause, not in the statute of uses, that those conveyances shall transfer the possession to the use, as perfectly, as if the bargainee had been enfeoffed with livery of seisin of the land conveyed.” In my sense of this subject, the English decisions warrant the position; they give to a statutory possession in the bargainor the effect of actual possession. That effect existing under the statute of uses is corroborated here by the emphatical words of our act importing its equivalence with livery of seisin. In this view, the President was correct; but, that able and correct *Judge would never have said that a bargainor, having no manner of possession, could convey a title under the statute of uses.. Every tyro in the common law knows the case to be otherwise.
Thus much for the report itself: The memorandum of the reporter must be understood in the same sense. Every thing said in Court, and out of Court, upon the subject, had relation to the existing case; and I am clearly of opinion, that the ambiguity on this subject has only arisen from using the words out of possession, in their vulgar, instead of their legal sense.
Thus considering and understanding that case, I trust I stand entirely acquitted for giving this explanation of it, and for believing it does not reach the point now before us.
In the case before us, Blow, the bargainor of the appellant, is not found to have had even a constructive or statutory possession, as Bibb was. The contrary is rather in-ferable from an expression in his (Blow’s) deed: Which describes the lot as now properly belonging to him; thereby rather excluding an idea of that possession in Newsum, which would have resulted to him by operation of lavs', had Newsum himself been possessed.
This view of the subject, in my opinion, decides the cause in favour of the appellants. It is,. therefore, unnecessary to discuss the particular question, made by their counsel, before alluded to. I would say, however, if it were necessary, that it is too rigid a construction of the deed under which the plaintiffs claim, to adhere merely to the emphatical terms relied on, “as the run now meanders;” and reject the other words in the same deed describing the land, as being all that tract purchased from Newsum, &c. The construction of a deed shall be made upon a consideration of all its expressions of description ; besides, these emphatical terms (as *they are called) were probably taken from the deed under which the bargainor claimed, as a part of the description of the land; and, if so, were not meant to be tied down to the actual period of the date of the deed in question.
I am, therefore, of opinion, that the judgment of the District Court is erroneous, and ought to be reversed".
ELEMING, Judge
It is unnecessary to discuss this subject at length, as the question turns upon the right of possession altogether; for, the person in possession has a right to hold, until abetter title is shewn. Here, Baird claimed the premises from *580 Blow, and he' from Newsum; but no seisin or title is found, either in Newsum or Blow: of course, the latter had none to convey to Baird; wh.o, therefore, has shewn no title to recover against the tenant in possession, whose right is prima facie paramount to any other; and cannot be disturbed, as before observed, except, by one shewing a better title. Consequently, I am of opinion, that the judgment is erroneous, and ought to be reversed.
CARRINGTON, Judge.
Whatever opinion I might have entertained upon the main question made in the cause, it is unnecessary to declare it, as the plaintiff, in the District Court, has shewn no right of entry in himself: Ror, to enable him to recover, he ought to have shewn a better title to the premises, than the tenant in possession had: but, this he has not done. He has produced a deed from Newsum to Blow, under whom he claims: but, he has not shewn that Newsum had anj' title, or that he ever was seised, or possessed in any manner whatever. The case, therefore, differs from that of Duval v. Bibb: Ror, in that, Bibb, the person under whom Graves claimed, was found to have been in possession for more than twenty years next before the date of the conveyance; and, consequently, there could be no doubt, but *that the statute transferred the possession to Graves; who might, therefore, convey it to Duval: But, here, neither title or possession is found in either Newsum or Blow; and, of course, the plaintiff could not derive either, under the conveyance to him by the latter. Therefore, without entering into the general question, but observing only, that the argument, founded on the act of Assembly against buying and selling pretensed titles, appears to me to have nothing to do with the case, (since it merely creates a penalty, and does not affect the right,) I am of opinion that the judgment of the District Court is erroneous, and ought to be reversed.
LYONS, Judge.
No seisin or right of possession is found in either Newsum or Blow: Consequently, the plaintiff could derive no title under either of them. I concur, therefore, that the judgment ought to be reversed.
The judgment of the Court was as follows:
“The Court is of opinion, that the said District Court ought not to have permitted the deed from Blow and wife, to the said Baird, in the bill of exceptions stated, to go to the jury as evidence to shew that the said Baird had a legal right to the land in dispute, unless it had been also proved, that the said Blow, or those under whom he claimed, had such a possession thereof, as would enable them to convey and transfer a legal title to the said Baird, by deed of bargain and sale, under the fourteenth section of the act of Assembly, entitled, An act for regulating conveyances; and that the said judgment is erroneous. Therefore, it is considered, that the same be reversed and annulled, and that the plaintiffs recover against the lessor of the defendant their costs by them expended in the prosecution of their writ aforesaid here. And it is ordered, that the jury’s verdict be set aside, and that a new trial be had in the cause; and that on such trial, the Court do not allow the said deed to go to the jury as evidence of the legal title, without such proof as aforesaid.

Statute of Pretensed Titles — Construction.—The statute concerning- pretensed titles, imposed a penalty, hut did not avoid a conveyance. The principal case is cited, as authority for this construction of the statute, in Raines v. Watson, 2 W. Va. 403; Allen v. Smith, 1 Leigh 254; Middleton v. Arnolds, 13 Gratt. 490.
So the principal case is cited in Middleton v. Arnolds, 13 Gratt. 490, to the point that, the act concerning pretensed titles merely creates a penalty, and does not affect the right.
As further construing the statute against buying and selling pretensed titles, see the principal case cited in Niemeyer v. Wright, 75 Va. 246; Williams v. Snidow, 4 Leigh 17.